UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARLEN A. PILUDU,

     Plaintiff,

v.                                      Case No.:  2:19-cv-520-FtM-38NPM

CORPORATION TARGET and
SCOTT SOUSA,

     Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff Carlen A. Piludu's ("Piludu") Motion to Remand (Doc. 12) and Defendant's Corporation Target ("Target") Response in Opposition (Doc. 17). For the following reasons, the Court grants Piludu's motion.

Piludu sues Target for injuries she suffered after slipping and falling in a store. (Doc. 3). This case started in state court on August 30, 2018. (Doc. 1-4). Target removed this suit nearly one year later based on diversity jurisdiction. (Doc. 1). In support of its removal, Target relies on the June 26, 2019 deposition of store manager, Defendant Scott Sousa ("Sousa"), to show Piludu fraudulently joined him to defeat this Court's jurisdiction. (Doc. 1 at 3-5). Piludu now moves to remand, arguing (a) removal was untimely, (b)

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Target waived its right to remove, and (c) she has pled a viable negligence claim against Sousa, which tanks Target's fraudulent joinder claim. (Doc. 12). Although the Court is not convinced by Piludu's last two arguments, her first contention – that Target's removal was untimely – carries the day.

28 U.S.C. § 1446(b) governs the timeliness of removal. Pertinent here, a defendant may remove a case "within 30 days after receipt by the defendant through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). In relying on *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 F. App'x 888, 893 (11th Cir. 2011), Piludu argues removal was untimely because Target delayed taking Sousa's deposition and thus violated the removal procedures under 28 U.S.C. § 1446(b). (Doc. 12 at 5-6). The Court agrees with Piludu.

In *Taylor*, the Eleventh Circuit held that a notice of removal was untimely when it was filed almost six months after the case commenced but was within 30 days of the deposition of the nondiverse defendant. *Taylor*, 436 F. App'x at 893. The defendants argued that it was during the deposition that they first learned of facts contradicting the allegations in the complaint against the nondiverse defendant. *Id*. at 892. But the Eleventh Circuit did not "agree that the deposition was the first time that Defendants could ascertain that the case was removable on the basis of fraudulent joinder." *Id*. at 893. The Court reasoned that since the nondiverse defendant was an employee of the diverse defendant, the facts showing fraudulent joinder could have been ascertained through an affidavit by the employee instead of waiting so long to conduct a deposition. *Id*. Indeed,

the Eleventh Circuit stated, "Defendants were not obligated to wait for the deposition before removing the case to federal court, nor were they permitted to do so insofar as this delay violated 1446(b)." *Id*.

The facts of this case are even more compelling than those in *Taylor* because Target removed this case nearly a year after Piludu filed a complaint in state court. What is more, Target, as Sousa's employer, could have pulled the employee's record a year ago and learned that Sousa was not present at the store at the time of the alleged tort. With this information, Target could have filed an affidavit by Sousa to support its fraudulent joinder claim. It failed to do so. As the Eleventh Circuit held in *Taylor*, Target was not permitted to wait to depose Sousa nearly ten months after the filing of the complaint in order to remove its case to federal court. *Id*. Because of Target's inexcusable delay, it did not timely remove this action under 28 U.S.C. § 1446(b). *See id*.

As a final matter, Piludi requests attorney's fees and costs under 28 U.S.C. § 1447(c). (Doc. 12 at 13). Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Court declines to exercise its discretion to award expenses to Piludu. Even if Target's removal was objectively unreasonable as a procedural matter, the circumstances of this case (strong substantive evidence of fraudulent joinder but procedural impropriety under 28 U.S.C. § 1446(b)(3)) do not warrant an award here.

Accordingly, it is now

**ORDERED:**

3

1. Plaintiff Carlen A. Piludu's Motion for Remand (Doc. 12) is **GRANTED**.

2. Plaintiff's request for attorney's fees and costs (Doc. 12 at 13) is **DENIED**.

3. The Clerk of Court is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida. The Clerk is further **DIRECTED** to terminate pending motions and deadlines and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida this 29th day of August, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record